UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE LYNN MAGEE, | Case No. 2:25-cv-02932-CSK |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| v. | (ECF No. 10) |
| M.A.C. COSMETICS INC., et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Katie Lynn Magee's motion to remand this action to the Sacramento County Superior Court.[1] (ECF No. 10.) Briefing is complete on the pending motion. Pursuant to Local Rule 230(g), the Court submitted the motion upon the record and briefs on file and vacated the March 3, 2026 hearing. (ECF No. 17.) For the reasons that follow, the Court GRANTS Plaintiff's motion to remand and remands this action back to the Sacramento County Superior Court.

I.    BACKGROUND

A.    Factual Allegations

Plaintiff began working for Defendant The Estée Lauder Companies in 2008.

---

[1]  This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 6, 7, 8.)

1

Compl. ¶ 28 (ECF No. 1-1, Exh. A). On April 10, 2022, Plaintiff transitioned to Defendant M.A.C. Cosmetics as a Third Key Holder and Acting Assistant Store Manager at the M.A.C. store in Roseville Galleria, California. *Id*. ¶¶ 28-30. Plaintiff was classified as a non-exempt hourly employee and received compensation in 2022 for $18.33/hour and in 2023 for $23.73/hour. *Id*. ¶ 30. Plaintiff's employment was terminated on August 14, 2024 for allegedly sharing manager passwords and changing clock-in times. *Id.* Plaintiff alleges the timing and circumstances indicate this was in retaliation for her protected activities, including supporting her Store Manager, Lisa Johnson, during a leave of absence. *Id*.; *see also id*. ¶¶ 59-62.

Throughout her employment, Defendants required Plaintiff to perform substantial work before and after her scheduled shifts without compensation; regularly work overtime hours without proper compensation; continue working with customers through her meal and rest breaks without interruption or being relieved of all duties; and required Plaintiff to use her personal cell phone for work-related calls without adequate reimbursement in violation of California Labor Codes. Compl. ¶¶ 35-51. Plaintiff further alleges from late 2022, through her employment, Plaintiff was subjected to systematic age discrimination by M.A.C.'s education department trainer Defendant Eloy Guerrero. *Id*. ¶ 52. Plaintiff also alleges that Defendants systematically failed to provide basic safety measures at the workplace by failing to provide adequate security cameras and protection from customer harassment. *Id*. ¶ 56. Despite Plaintiff complaining to Defendant Richey about a harassment incident and lack of security cameras, Defendant Richey failed to take any corrective action to improve workplace safety or prevent future incidents. *Id*. ¶ 57.

In relevant part, Plaintiff and Defendant Richey are both residents of California. Compl. ¶¶ 2, 8.

**B.     Procedural Posture**

Plaintiff initiated this action in Sacramento County Superior Court on August 14, 2025 against Defendants M.A.C. Cosmetics Inc., The Estée Lauder Companies Inc.,

Estée Lauder Inc., ELC Beauty LLC (collectively "Corporate Defendants"), Morgan Bridges, Sarah Richey, and Eloy Guerrero. *See* Compl. Plaintiff asserts the following twenty causes of action for violation of: (1) Cal. Labor Code § 201 for failure to pay final wages against all Defendants; (2) Cal. Labor Code § 203 for waiting time penalties against all Defendants; (3) Cal. Labor Code § 204 for failure to timely pay wages against all Defendants; (4) Cal. Business and Professions Code §§ 17200, *et seq*. for unlawful, unfair, and fraudulent business practices against all Defendants; (5) Cal. Labor Code § 510 for failure to pay overtime against all Defendants; (6) Cal. Labor Code § 226.7 for failure to provide meal periods against all Defendants; (7) Cal. Labor Code § 226.7 for failure to provide rest periods against all Defendants; (8) Cal. Labor Code § 226 for failure to provide accurate wage statements against all Defendants; (9) Cal. Labor Code § 2802 for failure to reimburse business expenses against all Defendants; (10) the Industrial Welfare Commission's Wage Order 7 for failure to pay split shift premiums against all Defendants; (11) Cal. Labor Code § 98.6 for retaliation against all Defendants; (12) Cal. Labor Code § 1102.5 for whistleblower retaliation against all Defendants; (13) Cal. Fair Employment and Housing Act ("FEHA") pursuant to Cal. Gov't. Code § 12940(a) for age discrimination against all Corporate Defendants; (14) FEHA pursuant to Cal. Gov't. Code § 12940(h) for retaliation against all Corporate Defendants; (15) FEHA pursuant to Cal. Gov't. Code § 12940(k) for failure to prevent discrimination and retaliation against all Corporate Defendants; (16) breach of contract against all Corporate Defendants; (17) wrongful termination in violation of public policy against all Defendants; (18) Cal. Constitution Article I, Sections 8 and 9 for violations of freedom of speech and privacy rights against all Defendants; (19) Cal. Labor Code § 210 for delayed payment of wages against all Defendants; and (20) Cal. Labor Code §§ 221 and 223 for unlawful collections of wages against all Defendants. *Id*. ¶¶ 71-201. For relief, Plaintiff seeks monetary damages and other forms of relief. *Id*. at 39-43. On October 9, 2025, Defendants removed the action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1 at 2. On October 16, 2025,

Defendants filed their answer. (ECF No. 5.) Plaintiff moved to remand this action to state court on October 7, 2025. (ECF No. 10.) Defendants filed an opposition, and Plaintiff filed a reply. (ECF Nos. 12, 15.) Briefing is complete, and the motion was submitted on the record.

## II.      LEGAL STANDARDS

### A.      Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *See Morongo*, 858 F.2d at 1380. For a case removed without federal jurisdiction, the district court must remand the case back to state court. 28 U.S.C. § 1447(c).

A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. In cases of diversity jurisdiction, complete diversity of citizenship is required, "meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted). "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

### B.      Removal and Remand

28 U.S.C. § 1441(a) states ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States . . . ." "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447(c).

Courts strictly construe the removal statute against removal jurisdiction "and reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." *GranCare, LLC v. Thrower*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The strong presumption against removal "means that the defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d at 566).

## III.    DISCUSSION

Plaintiff moves to remand this action to state court on the ground that Defendant Richey's California citizenship destroys complete diversity. Pl. Mot. at 1 (ECF No. 10-1). Plaintiff does not dispute the amount in controversy is met here for purposes of diversity jurisdiction. *Id*. at 2. Defendants oppose remand, arguing that diversity jurisdiction is not destroyed because Defendant Richey was fraudulently joined. Defs. Opp'n at 2 (ECF No. 12). The Court finds Defendants have not met their heavy burden in demonstrating Defendant Richey was fraudulently joined. Accordingly, the Court finds remand is appropriate.

### A.    Fraudulent Joinder

District courts "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined" in determining whether there is complete diversity. *Grancare, LLC*, 889 F.3d at 548 (citing *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)

("[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"). A defendant invoking diversity jurisdiction on the basis of fraudulent joinder bears a "'heavy burden' since there is a 'general presumption against finding fraudulent joinder.'" *Grancare, LLC*, 889 F.3d at 548 (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). Defendants must prove fraudulent joinder "by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Fraudulent joinder can be established in two ways: (1) "actual fraud in the pleading of jurisdictional facts," or (2) "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter*, 582 F.3d at 1044 (internal quotation marks and citations omitted). Under the second fraudulent joinder theory, "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc.*, 494 F.3d at 1206 (citation omitted). However, "if there is a possibility that a state court would find that the complaint states a cause of action" against a resident defendant, the district court "must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)). The standard for evaluating fraudulent joinder "is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal court jurisdiction." *Grancare, LLC*, 889 F.3d at 549 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). It is not equivalent to the failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See id*. ("[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").

Plaintiff and Defendant Richey are both residents of California. Compl. ¶¶ 2, 8. Neither party contests this. *See generally* Pl. Mot.; Defs. Opp'n. Instead, Defendants argue that although Defendant Richey is domiciled in California, Defendant Richey is a

sham defendant and has been fraudulently joined to defeat diversity jurisdiction. Defs. Opp'n at 2-4. Specifically, Defendants argue that Plaintiff fails to state claim against Defendant Richey under Cal. Labor Code § 558.1 because Defendant Richey is not an "owner, director, officer, or managing agent" and therefore cannot be held personally liable for California Labor Code violations. *Id.* at 4-8. Defendants further argue that Plaintiff's conclusory allegations are insufficient to establish liability under Cal. Labor Code § 558.1, which Defendants argue confirms that Defendant Richey's joinder was fraudulent. *Id*. at 8. As support, Defendants include declarations from Defendant Richey and Defendant The Estée Lauder Companies' Human Resources Director Scott Mayhugh, in which declarants state Defendant Richey is not "an owner, director, or managing agent" of Defendant The Estée Lauder Companies "or any of its subsidiaries." 11/17/2025 Sara Richey Declaration ¶ 5 (ECF No. 12-2); 11/20/2025 Scott Mayhugh Declaration ¶ 7 (ECF No. 12-1). Plaintiff asserts Defendant Richey is a "managing agent of an employer" under Cal. Labor Code § 558.1 and that any doubt in the factual allegations should be resolved in favor of remand. Pl. Reply at 2-8 (ECF No. 15). The Court agrees with Plaintiff.

Pursuant to Cal. Labor Code § 558.1, "[a]ny employer or other person acting on behalf of an employer," may be held liable as the employer if that person "is an owner, director, officer, or managing agent of the employer." A "managing agent" under Cal. Civ. Code § 3294(b) includes "corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." *White v. Ultramar, Inc*., 21 Cal.4th 563, 566-67 (1999); *see also King v. U.S. Bank Nat'l Assn*., 53 Cal. App. 5th 675, 713 (2020) (same); Cal. Civ. Code § 558.1(b) (stating the term "managing agent" has the same meaning as Cal. Civ. Code § 3294(b)). In determining whether an employee is a managing agent, "the critical inquiry is the degree of discretion the employee[] possess[es] in making decisions" and does not "necessarily hinge on their level in the corporate hierarchy." *King*, 53 Cal. App. 5th at 713. "An employee exercising authority that results in the ad

7

hoc formulation of policy is a managing agent." *Id.* at 714. The scope of a corporate employee's discretion and authority is "a question of fact for decision on a case-by-case basis." *White*, 21 Cal.4th at 557.

Plaintiff alleges Defendant Richey was "employed by M.A.C. as a District Manager with supervisory authority over Plaintiff" and who "participated in" and caused wage and hour violations. Compl. ¶¶ 8, 15; *see also* Pl. Mot. at 6; Pl. Reply at 6. Plaintiff further alleges that each Defendant, including Defendant Richey, "had the ability to determine wage, hire, fire, and discipline Plaintiff" and that each Defendant "had oversight over the company's operations or influence on corporate policy[.]" Pl. Mot. at 6 (citing Compl. ¶ 21); Pl. Reply at 6 (same). Plaintiff further argues that Defendant Richey's declaration showcases that she oversaw "the performance and operations of MAC stores, ensured compliance with polices and brand standards[.]" Pl. Reply at 8; *see also* Richey Decl. ¶ 3 ("On a day-to-day basis, I supported and coached Store Managers, monitored sales results, and ensured compliance with company polices and brand standards. I partnered with corporate teams to execute promotions, product launches, and in-store events, and assisted with staffing and training to improve store performances.").

Considering these allegations, the Court finds that it is possible that a state court could find that Defendant Richey exercised discretionary authority as a "managing agent" as defined under Cal. Labor Code § 558.1. Although Defendants argue that Plaintiff's allegations are too conclusory to establish that Defendant Richey exercised any authority over wage polices or company-wide policies, it is possible a state court could find that Defendant Richey's broad discretion in overseeing the day-to-day operations of MAC stores and ensuring compliance with company policies establishes that she had sufficient discretion and authority to be considered a "managing agent." *See, e.g., White*, 21 Cal.4th at 577-78 (finding that exercising substantial discretionary authority, including "managing numerous stores on a daily basis and making significant decisions affecting both store and company policy[,]" was sufficient to find an individual

8

defendant to be a "managing agent."); *Jones v. Wyndham Vacation Ownership, Inc.*, 2021 WL 3140718, at *3 (N.D. Cal. July 26, 2021) (rejecting fraudulent joinder argument and remanding action to state court where the individual defendant was the Vice President of the corporation and plaintiff's supervisor, and who was alleged to have personal involvement in plaintiff's wages and schedule). In addition, even if the Court found that Plaintiff's conclusory allegations would fail to withstand a Rule 12(b)(6) motion for failure to state a claim, granting a motion to remand is still appropriate where "a state court could find that the complaint states a cause of action against any of the resident defendants" as the Court has identified above. *Hunter*, 582 F.3d at 1046; *see also Gonzalez v. Sheraton Operating Corp.*, 2020 WL 7042817, at *2 (C.D. Cal. Dec. 1, 2020) (granting a motion to remand and concluding "[w]hile it is fairly clear that Plaintiff's current conclusory allegations would not survive a motion under Rule 12(b)(6), the Court cannot conclude on the record before it that it would be impossible for Plaintiff rectify the deficiencies in an amended complaint. The determination of whether an individual is a 'managing agent' is a fact-intensive inquiry that does not rely on corporate labels."); *Garcia v. Reflection Window Co., LLC*, 2021 WL 4353256, at *2 (C.D. Cal. May 28, 2021) (granting a motion to remand even though the complaint was "not a model of adept pleading and likely would not survive a motion to dismiss for failure to state a claim" because the Court could not conclude there was no possibility that the plaintiff could amend his pleading to support a claim against the individual defendant by stating additional details concerning his discretion authority and participation in the decision to classify the plaintiff as an exempt salaried employee). Moreover, Defendant Richey's declaration declaring she is not a "managing agent," had no authority over corporate policy and that she did not violate California Labor Code violations, is conclusory and insufficient to carry Defendants' burden to show fraudulent joinder by clear and convincing evidence. *See* Richey Decl. ¶¶ 4-8; *see also* Mayhugh Decl. ¶¶ 6-9; *Abdelmalak v. ReOpen Diagnostics*, LLC, 2024 WL 4188284, at *5 (C.D. Cal. Sept. 13, 2024) ("courts regularly reject [conclusory] declarations as insufficient to carry a

defendant's burden to show fraudulent joinder in the Section 558.1 context."). Accordingly, the Court finds that Defendants have not met their burden to establish Defendant Richey was fraudulently joined and that removal was proper.

### B.    Remand is Appropriate

For the reasons explained above, because there is a "possibility that a state court would find that the complaint states a cause of action" against Defendant Richey for the alleged California Labor Code violations as a "managing agent" under Cal. Labor Code § 558.1, the Court finds that Defendants have failed to demonstrate by clear and convincing evidence that Defendant Richey was fraudulently joined and removal was proper. *See Hunter*, 582 F.3d at 1046. Accordingly, because Defendant Richey's California citizenship destroys complete diversity, the Court lacks subject matter jurisdiction over this action and must remand this action to the Sacramento County Superior Court.

## IV.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to remand (ECF No. 10) is GRANTED;

2.    This action is remanded to the Sacramento County Superior Court;

3.    Any previously set deadlines and hearings are VACATED; and

4.    The Clerk of the Court is directed to CLOSE this case.

Dated:  February 27, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, mage2932.25

10